**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**CIVIL ACTION NO. 4:19CV-00074-JHM**

**KENNETH MINTON, Individually, and as
Personal Representative of the Estate of
Phyllis J. Minton, deceased**                                                  **PLAINTIFF**

**V.**

**PADUCAH & LOUISVILLE RAILWAY, INC.,
MATTHEW NORWOOD, and WILLIAM FRANKE**            **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion to remand by Plaintiff Kenneth Minton, Individually and as Personal Representative of the Estate of Phyllis J. Minton, pursuant to 28 U.S.C. § 1447(c) [DN 11] and on a motion by Defendant, Paducah & Louisville Railway, Inc., for leave to file a sur-reply in opposition to Plaintiff's motion to remand [DN 16]. Fully briefed, these matters are ripe for decision.

**I. BACKGROUND**

On September 28, 2018, Phyllis Minton was driving her vehicle northbound on Blackrock Drive, just north of U.S. Highway 62, in Leitchfield, Kentucky, when an eastbound train owned and operated by Defendant, Paducah & Louisville Railway, Inc. ("P & L Railway") struck her vehicle at a railroad crossing (the "Blackrock Crossing"). The Blackrock Crossing is owned, controlled, and maintained by P & L Railway. On June 7, 2019, Plaintiff filed a Complaint against P & L Railway, Engineer Matthew Norwood, and Conductor William Franke for the wrongful death of Phyllis Minton asserting a negligence claim against all three Defendants and a premises liability claim against P & L Railway.

On July 3, 2019, Defendant, P & L Railway, removed this action from the Grayson Circuit Court to this Court alleging federal question jurisdiction. Norwood and Franke consented to the removal. Defendant maintains that removal is proper because Plaintiff asserts claims that are completely preempted by the Interstate Commerce Commission Termination Act of 1995 ("ICCTA"), 49 U.S.C. § 10101 (Def.'s Removal Notice [DN 1] ¶ 14.) Defendant contends that Plaintiff's claims concerning the design, construction, maintenance, operation, and repair of the Blackrock Crossing, although pleaded in terms of state law negligence, are actually federal claims, which are governed by ICCTA and are under the jurisdiction and authority of the Surface Transportation Board ("STB"). (Def.'s Removal Notice [DN 1] ¶ 21; Def.'s Response [DN 12] at 2.) Defendant maintains that the Court has supplemental jurisdiction over any other state-law claims asserted in the Complaint. (Def.'s Removal Notice [DN 1] ¶ 29.)

On August 2, 2019, Plaintiff filed this Motion to Remand [DN 11] the case to Grayson Circuit Court arguing that the Court lacks subject matter jurisdiction. Plaintiff asserts that Defendant's claim that the Court has jurisdiction based on the ICCTA is unavailing because Plaintiff did not allege any federal cause of action in the Complaint. Plaintiff maintains that this case is a typical negligence claim seeking damages for a railroad crossing collision and does not directly attempt to manage or govern a railroad's decision in the economic realm. Additionally, Plaintiff argues that even if the ICCTA may defensively preempt some of the negligence claims asserted by Plaintiff, the defense of preemption does not create federal jurisdiction. As there is not complete diversity between the parties, Plaintiff maintains that the case must be remanded pursuant to 28 U.S.C. § 1447(c).

## II. STANDARD OF REVIEW

Under the removal statute, "any civil action brought in a State court of which the district

courts of the United States have original jurisdiction, may be removed by the defendant" to federal court. 28 U.S.C. § 1441(a). The party seeking removal bears the burden of establishing that the district court has original jurisdiction. Eastman v. Marine Mech. Corp., 438 F.3d 544, 549 (6th Cir. 2006). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). One category of cases of which district courts have original jurisdiction is "federal question" cases: cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"Ordinarily, determining whether a particular case arises under federal law turns on the 'well-pleaded complaint' rule," Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004), i.e., whether a federal question "is presented on the face of the plaintiff's properly pleaded complaint," Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id. Accordingly, "the existence of a federal defense normally does not create" federal-question jurisdiction, Davila, 542 U.S. at 207, and "a defendant may not [generally] remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law," id. (alteration in original) (quoting Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1, 10 (1983)) (internal quotation marks omitted).

However, a corollary or exception to the well-pleaded complaint rule exists: the complete preemption doctrine. "[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption," the state-law claim arises under federal law and can be removed. Beneficial National Bank v. Anderson, 539 U.S. 1, 8 (2003). Removal is permitted in this context because "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in

3

reality based on federal law." Id.; Caterpillar, 482 U.S. at 393 (noting that complete preemption creates federal question jurisdiction when "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule'"). The Supreme Court has found only three statutes that evince congressional intent to completely preempt a field: § 301 of the LMRA, 29 U.S.C. §185, see Avco Corp. v. Aero Lodge No. 735, International Ass'n of Machinists, 376 F.2d 337, 339–40 (6th Cir. 1967), aff'd, 390 U.S. 557, 560 (1968); § 502(a) of ERISA, 29 U.S.C. § 1132(a), see Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58, 63–66 (1987); and §§ 85 and 86 of the National Bank Act, 12 U.S.C. §§ 85, 86, see Beneficial National Bank, 539 U.S. at 10–11. Any complaint that purports to assert a state law claim within the scope of one of these three federal causes of action "necessarily 'arises under' federal law." Franchise Tax Bd., 463 U.S. at 23–24.

"Essential to complete preemption is an alternative federal cause of action the plaintiff could have invoked." Dillon v. Medtronic, Inc., 992 F. Supp. 2d 751, 758 (E.D. Ky. 2014) (citing Beneficial National Bank, 539 U.S. at 9–10 (holding that preemption supports jurisdiction only if federal law "provide[s] the exclusive cause of action"); see also Strong v. Telectronics Pacing Sys., Inc., 78 F.3d 256, 260 (6th Cir. 1996)). Without a federal cause of action, "there would simply be nothing into which to convert the plaintiff's state-law claims." Dillon, 992 F. Supp. 2d at 758. "A plaintiff otherwise 'would be forced into federal court with no relief available.'" Id. (quoting Rogers v. Tyson Foods, Inc., 308 F.3d 785, 788 (7th Cir. 2002)). "Recharacterizing state claims to prevent artful pleading around an exclusive federal cause of action is one thing . . . , but knowingly repleading the plaintiff right out of court would make a mockery of the well-pleaded complaint rule." Dillon, 992 F. Supp. 2d at 758. "So, while complete preemption displaces the plaintiff as master of his complaint, recasting state claims as federal ones satisfies the traditional

4

rule that 'a case arises under federal law when federal law creates the cause of action asserted.'" Dillon, 992 F. Supp. 2d at 758 (quoting Gunn v. Minton, 568 U.S. 251, 133 S. Ct. 1059, 1064 (2013) (citing American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916))). However, "preemption alone 'does not transform the plaintiff's state-law claims into federal claims but rather extinguishes them altogether.'" Dillon, 992 F. Supp. 2d at 758 (quoting Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 476 (1998)). "Absent a federal remedy, preemption remains merely a defense and thus cannot satisfy the well-pleaded complaint rule." Id.

### III. DISCUSSION

In determining whether removal of this action to federal court was proper, the Court must determine whether the ICCTA completely preempts any of Plaintiff's state law claims. Congress enacted the ICCTA in 1995, "establishing the Surface Transportation Board ("STB") and giving the STB exclusive jurisdiction over certain aspects of railroad transportation. 49 U.S.C. §§ 1301, 10501(b)." CSX Transportation, Inc. v. City of Sebree, Kentucky, 924 F.3d 276, 282 (6th Cir. 2019). Specifically, the ICCTA provides that:

> The jurisdiction of the [STB] over—
>
> (1) transportation by rail carriers, and the remedies provided in this part with respect to rates, classifications, rules (including car service, interchange, and other operating rules), practices, routes, services, and facilities of such carriers; and
>
> (2) the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities, even if the tracks are located, or intended to be located, entirely in one State,
>
> is exclusive.

49 U.S.C. § 10501(b). "'Transportation' is broadly defined to include all equipment and services related to the movement of property by rail." Sebree, 924 F.3d at 283 (citing 49 U.S.C. §10102(9)).

5

The ICCTA also contains an express preemption clause providing that, "[e]xcept as otherwise provided in this part, the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law." 49 U.S.C. § 10501(b).

Defendant argues that subject matter jurisdiction exists in the present case because at least one of Plaintiff's state-law negligence theories is completely preempted by the ICCTA. In support of this argument, Defendant relies on Section 10501(b) of the ICCTA which broadly grants the STB exclusive jurisdiction over "transportation by rail carriers[.]" 49 U.S.C. § 10501(b)(1). Defendant maintains this language grants STB with exclusive jurisdiction over transportation, and thereby, exclusive jurisdiction over railroad crossings. Defendant argues that in vesting the STB with exclusive jurisdiction over the regulation of rail transportation, Congress intended to completely preempt any state-law negligence design, construction, and repair of railroad crossings claims.

Having considered the parties' arguments, the Court finds that none of Plaintiff's claims are completely preempted under the ICCTA. The Sixth Circuit holds that in order to demonstrate complete preemption, a defendant must show "exclusive federal regulation of the subject matter and the creation of a superseding federal cause of action." Watkins v. RJ Corman R.R., 2010 WL 1710203, at *2 (E.D. Ky. April 27, 2010)(citing Roddy v. Grand Truck Western R.R. Inc., 395 F.3d 318, 323 (6th Cir. 2005)). Specifically, as discussed above, the Sixth Circuit mandates that "the congressional intent necessary to confer removal jurisdiction upon the federal district courts through complete preemption is expressed through the creation of a parallel federal cause of action that would 'convert' a state law cause of action into the federal action for purposes of the well-pleaded complaint rule." Strong v. Telectronics Pacing Sys., Inc., 78 F.3d 256, 260 (6th Cir. 1996)

(citing Warner v. Ford Motor Co., 46 F.3d 531, 534–35 (6th Cir. 1995)).  As a result, "absent a federal remedy the [plaintiff] could have invoked, the [defendant's] claims of preemption remain only a defense that does not satisfy the well-pleaded complaint rule."  Dillon, 992 F. Supp. 2d at 760; see also Griffioen v. Cedar Rapids & Iowa City Ry. Co., 785 F.3d 1182, 1191 (8th Cir. 2015) ("[I]t is unlikely that Congress would intend to completely preempt state-law causes of action without providing a federal cause of action designed to vindicate similar rights and interests or to redress wrongs of a similar type."); Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc., 693 F.3d 1195, 1207 (10th Cir. 2012) ("[T]he availability of an administrative remedy against the [agency] has no bearing on whether Mosaic's state law claims against Devon have been completely supplanted by a private federal cause of action."); City of Jackson, Ohio v. U.S. Rail Corp., 2009 WL 3756860, at *2 (S.D. Ohio Nov. 6, 2009);  Kennedy v. Federal Nat. Mortg. Ass'n, 2014 WL 3905593, at *4 (E.D.N.C. Aug. 11, 2014).

The ICCTA does not create a federal remedy for state tort actions related to railroads.  See Watkins v. RJ Corman R.R., 2010 WL 1710203, *3–4 (E.D. Ky. April 27, 2010) (the ICCTA does not provide a federal cause of action that supersedes state-law nuisance and negligence causes of action); Allied Indus. Dev. Corp. v. Ohio Cent. R.R., Inc., 2010 WL 987156, *3 (N.D. Ohio March 15, 2010) (a claim for trespass does not fall within the scope of the ICCTA); Trejo v. Union Pac. R.R. Co., 2011 WL 309614 (E.D. Ark. Jan. 28, 2011)(negligence claims based on the unsafe construction and design of a crossing are not completely preempted by the ICCTA); Fayard v. Northeast Vehicle Services, LLC, 533 F.3d 42 (1st Cir. 2008)(the ICCTA does not automatically immunize railroads from state-law nuisance claims and does not provide a federal cause of action equivalent to nuisance); Griffioen, 785 F.3d at 1190 (Eighth Circuit found that section 10501(b) does not provide a federal cause of action to replace a plaintiff's state law claim); Hamilton & Co.

v. Montana Rail Link, Inc., 2017 WL 9324527, at *6 (D. Mont. Jan. 31, 2017), report and recommendation adopted, 2017 WL 1064657 (D. Mont. Mar. 21, 2017); Irish v. Burlington Northern Santa Fe R. Co., 632 F. Supp. 2d 871, 877–78 (W.D. Wis. 2009) (plaintiffs' state-law claim for damages arising from flash flooding allegedly caused by the defendant's negligent construction or maintenance of a railroad bridge was not completely preempted by the ICCTA); Board of Selectmen of Town of Grafton v. Grafton & Upton R. Co., 2013 WL 2285913, at *10-11 (D. Mass. May 22, 2013)(citing cases). "While the text of ICCTA § 10501(b) specifically mandates that jurisdiction for all matters 'managing or governing rail transportation' is vested in the STB, this language does not vest original jurisdiction in the federal district court for the purpose of removal." Shupp v. Reading Blue Mountain, 850 F. Supp. 2d 490, 501 (M.D. Pa. 2012). Accordingly, "[n]othing in the text of the ICCTA vests exclusive jurisdiction in the federal district court." Id. Here, lacking a clear congressional intent to create removal jurisdiction, the Court finds that remand of this case to the Grayson Circuit Court is the prudent course. See Roddy, 396 F.3d at 323 n. 3.

Contrary to the Court's decision here, Defendant argues that in determining whether a particular state-law claim has been completely preempted by the ICCTA, courts employ the "as applied" test to the evidence before them and do not consider whether a corresponding federal cause of action exists. According to Defendant, it has demonstrated that "as applied," Plaintiff's negligent design, construction, and repair claims would work an unreasonable burden on Defendant's railroad operations and would have the effect of managing its decisions in the economic realm. (Def.'s Response [DN 12] at 3.) In support of this complete preemption standard, Defendant cites Elam v. Kansas City S. Ry. Co., 635 F.3d 796, 813 (5th Cir. 2011); CSX Transp., Inc. v. City of Sebree, Kentucky, 924 F.3d 276, 283 (6th Cir. 2019); Texas Cent. Bus. Lines Corp.

v. City of Midlothian, 669 F.3d 525 (5th Cir. 2012); Franks Inv. Co. LLC v. Union Pacific R. Co., 593 F.3d 404 (5th Cir. 2010); and Adrian & Blissfield R. Co. v. Village of Blissfield, 550 F.3d 533, 539 (6th Cir. 2008).

Defendant is incorrect in its analysis of the standard for complete preemption. The majority of these cases, along with others cited in Defendant's response, did not utilize the "as applied" test for *complete preemption*, but only utilized that test for an *ordinary preemption* analysis. CSX Transp., Inc. v. City of Sebree, 924 F.3d at 283 (ordinary preemption); Texas Cent. Bus. Lines Corp., 669 F.3d 525 (ordinary preemption); Adrian & Blissfield R.R. Co., 550 F.3d at 536, 539 (ordinary preemption); Franks Inv. Co., 593 F.3d at 406 (ordinary preemption—removed based on diversity jurisdiction); Pere Marquette Hotel Partners, L.L.C. v. United States, 2010 WL 925297, at *6 (E.D. La. Mar. 10, 2010) (ordinary preemption); Friberg v. Kansas City S. Ry. Co., 267 F.3d 439, 443 (5th Cir. 2001) (ordinary preemption); Maynard v. CSX Transp., Inc., 360 F. Supp. 2d 836, 840 (E.D. Ky. 2004) (ordinary preemption); Tubbs v. Surface Transp. Bd., 812 F.3d 1141, 1145 (8th Cir. 2015) (ordinary preemption); CSX Transp., Inc. v. Georgia Public Service Com'n, 944 F. Supp. 1573, 1581 (N.D. Ga. 1996) (ordinary preemption); Port City Properties v. Union Pacific Railroad Co., 518 F.3d 1186 (10th Cir. 2008) (ordinary preemption). But see Elam, 635 F.3d at 813 (finding Mississippi's antiblocking statute completely preempted by the ICCTA because "plaintiff's claim directly attempts to manage or govern a railroad's decision in the economic realm"; using the "as applied" test in discussing ordinary preemption of the simple negligence claims).

Here, Defendant's "arguments conflate ordinary preemption and complete preemption." Rawls v. Union Pac. R.R., 2012 WL 2803764, at *3 (W.D. Ark. July 10, 2012). "Complete preemption is not ordinary preemption. Complete preemption, for the reasons stated above, has

9

jurisdictional implications. Ordinary preemption does not." Id. (internal citations omitted). It is settled law "'that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption . . . .'" Rawls, 2012 WL 2803764, at *3 (quoting Caterpillar Inc., 482 U.S. at 393). "Therefore, that the ICCTA may preempt some of the negligence claims asserted by the [plaintiff] does not create federal question jurisdiction." Trejo v. Union Pac. R.R. Co., 2011 WL 309614, at *3 (E.D. Ark. Jan. 28, 2011). To be heard in federal court, "more than ordinary preemption is required." Rawls, 2012 WL 2803764, at *3.

Additionally, while Defendant accurately describes STB's comprehensive test for determining the extent to which a particular state action or remedy is preempted by § 10501(b)[1], the STB's analysis applies to ordinary preemption, not complete preemption. See, e.g., New Orleans & Gulf Coast Ry. Co. v. Barrois, 533 F.3d 321, 332 (5th Cir. 2008); Shupp v. Reading Blue Mountain, 850 F. Supp. 2d 490, 501 (M.D. Pa. 2012)("the "as-applied" analysis is appropriate when trying to determine whether ordinary preemption applies to particular facts in an ICCTA matter," but not in determining complete preemption).

Finally, the Court considered the two cases cited by Defendant in which two district courts determined that state law "negligent design claims" centering on "humped crossings" are completely preempted by the ICCTA. See Voigt v. CSX Transp., Inc., No. 3:17-CV-01023-N (N.D. Tex. Jun. 19, 2017); Waneck v. CSX Corp., No. 1:17CV106-HSO-JCG, 2018 WL 1546373, at *6 (S.D. Miss. Mar. 29, 2018). The Court acknowledges that Voigt and Waneck conflict with the undersigned's decision today. However, the Court finds that these cases are inconsistent with

---

[1] "The STB's preemption analysis distinguishes between two types of preempted state actions or regulations," those that are 'categorically preempted' and those that are only preempted 'as applied.'" Adrian & Blissfield R. Co., 550 F.3d at 540 (citation omitted).

Sixth Circuit and Supreme Court law on complete preemption and declines to adopt them. See Wilson v. Eighty-Eight Oil, LLC, 2014 WL 11498468, *4 (D. Wyo. Nov. 25, 2014).

Preemption under the ICCTA may be a defense to Plaintiff's negligence action, but whether that is so is an issue for the Grayson Circuit Court to decide. See Caterpillar Inc. v. Williams, 482 U.S. 386, 398 n.13 (1987). The Court lacks federal question jurisdiction over this case. Pursuant to 28 U.S.C. § 1447(c), this action will be remanded.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion to remand by Plaintiff Kenneth Minton, Individually and as Personal Representative of the Estate of Phyllis J. Minton, pursuant to 28 U.S.C. § 1447(c) [DN 11] is **GRANTED**, and the matter is remanded to the Grayson Circuit Court.

**IT IS FURTHER ORDERED** that the Defendant's motion for leave to file a sur-reply in opposition to Plaintiff's motion to remand [DN 16] is **GRANTED**. The Clerk of Court is ordered to file the sur-reply in the record. The Court has considered the sur-reply in deciding the motion to remand.

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: counsel of record
    Grayson Circuit Court

October 28, 2019

11